PHILIP TURNER *vs.* JAMES T. N. MADDOX, EX'R OF ELEANOR W. TURNER.—*December* 1845.

Under the act of 1785, ch. 80, sect. 11, the courts have power to enter judgments on awards returned under that act, notwithstanding the death of either of the parties to the cause referred.

So in an action upon a contract to indemnify one from the consequences of a judgment to be rendered in a pending suit, and which suit was referred under the act of 1785, and during the reference, the person to be indemnified died, the defendant, the guarantor, cannot impeach the validity of such judgment by showing the death of the defendant therein, before it was rendered upon the award.

Turner *vs.* Maddox.—1845.

Evidence should correspond with the allegations of the declaration, or be confined to the point in issue.

In an action by an executor to recover back money alleged to have been paid by his testatrix in her life time, he cannot show a payment by himself after her death.

APPEAL from *St. Mary's* county court.

This was an action of *assumpsit* brought on the 11th July 1843, by the appellee, who declared, that the appellant, on the 23rd January 1838, in consideration that the said *E. W.*, then administratrix as aforesaid, inhabiting in this State; that is to say, at, &c., had a settlement by which she paid to the said *Philip* all his right, title, claim and interest to the personal estate of *Henry Turner;* he, the said *P.*, undertook and faithfully promised, that he, the said *P.* would indemnify her, the said *E. W.*, administratrix as aforesaid, against all and any charges and damages whatsoever, for and by reason of a suit pending between *L. E. T.* and the said *E. W. T.*, administratrix of *H. T.* And the said *James T. N.* in fact saith, that the said *E. W.* giving faith and credit to the promise and assumption aforesaid, of the aforesaid *P.*, afterwards, &c., did pay over to the said *P.* all his right, title, claim and interest as aforesaid. And the said *James T. N.* in fact further saith, that afterwards, &c., the said *L. E. T.* obtained a judgment against her, the said *E. W.*, and thereby recovered a considerable sum of money, amounting, in the whole, to the sum of, &c. And the said *E. W.*, in her life time, had also thereby been put to very great charges, and forced to lay out and expend sundry other large sums of money, for her costs accruing on her, the said *E. W.*, defending the said suit, amounting to the further sum of, &c., as by the record of the said county court may more fully appear; of all which premises the said *P.* afterwards, &c., had notice. And so the said *James T. N.*, executor as aforesaid, saith, that the said *Philip* did not indemnify her, the said *Eleanor W.*, according to the promise and assumption aforesaid, of him, the said *Philip*.

The defendant pleaded *non assumpsit*.

1ST EXCEPTION. At the trial of the cause the plaintiff read in evidence the agreement between *Philip Turner* and *Mrs. Eleanor Turner*, viz :

"I have this day, January 23rd 1838, had a settlement with *Mrs. Eleanor W. Turner,* administratrix of *Henry Turner,* and have received all my right, title, claim and interest in and to the personal estate of *Henry Turner,* of his administratrix, *Eleanor W. Turner.* And I hereby bind myself to indemnify her, the said *Eleanor W. Turner,* against any and all losses which may accrue from a suit now pending between *Lewis E. Turner* and *Mrs. Eleanor W. Turner,* administratrix of *Henry Turner;* the said suit having been instituted against *Eleanor W. Turner,* as administratrix of *Henry Turner,* who was security for *Josiah Turner,* on his guardian's bond, from which bond there was a balance due to the said *Lewis E. Turner.*                         PHILIP TURNER.

Test:—*J. T. N. Maddox.*"

And then offered to read in evidence a judgment of the State of *Maryland,* for the use of *Lewis E. Turner,* against *Mrs. Eleanor Turner,* administratrix of *H. T.,* rendered, on the 16th March 1839, for $609,70, on an award.

The defendant then offered to prove, by a legal and competent witness, that *Mrs. E. W. T.,* the defendant in said judgment, died on the 19th June 1838, for the purpose of shewing that said judgment was a nullity, having been rendered against a dead person. But the court, (KEY and DORSEY, A. J.,) refused to allow the defendant to give the said evidence to the jury, but permitted the judgment to be read in evidence by the plaintiff, to which refusal the defendant excepted.

2ND EXCEPTION. The plaintiff to support the issue on his part, joined in addition to the evidence, incorporated in first bill of exceptions, which is made part hereof, then read in evidence to the jury the said judgment therein mentioned, and offered to prove by a competent witness, that the executor of *Mrs. E. W. T.,* paid to witness, who was plaintiff in the said judgment, the amount thereof, after the death of *Mrs. E. W. Turner,* but the defendant objected to the said testimony going to the jury, under the pleadings in this cause; the court permitted the said evidence to go to the jury, to which permission of the court the defendant excepted.

The verdict and judgment being against the defendant, he appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, MAGRUDER and MARTIN, J.

By J. JOHNSON for the appellant.

MARTIN, J., delivered the opinion of this court.

This case comes before us upon an appeal from *St. Mary's* county court, and presents, for our examination, the opinion of the court as expressed on questions of evidence, in two bills of exception.

A suit was instituted by the appellee against the appellant, on the 10th of July 1843, and was brought upon a contract of indemnity, given by the defendant below, to the plaintiff's testatrix, as administratrix of *Henry Turner*, on the 23rd of January 1838, in which the appellant stipulated to indemnify the appellee's testatrix against any loss that might accrue to her, from a suit then depending between her, as such administratrix, and *Lewis E. Turner*.

The contract was executed by *Philip Turner*, and was in these words :

"I have this day, 23rd January 1838, had a settlement with *Mrs. Eleanor W. Turner*, administratrix of *Henry Turner*, and have received all my right, title, claim and interest, in and to the personal estate of *Henry Turner*, of his administratrix, *Eleanor W. Turner*, and I do hereby bind myself to indemnify the said *Eleanor W. Turner*, against any and all losses that may accrue, from a suit now pending between *Lewis E. Turner* and *Mrs. Eleanor W. Turner*, administratrix of *Henry Turner*, the said suit having been instituted against *Eleanor W. Turner*, as administratrix of *Henry Turner*, who was security for *Josiah Turner*, on his guardian's bond, from which there was a balance due to the said *Lewis E. Turner*."

The declaration contained only one count upon the indemnity, and alleged, that *Lewis E. Turner* obtained a judgment against the plaintiff's testatrix, and thereby recovered a large sum of money; and that the plaintiff's testatrix, in her lifetime, had also thereby, been put to great charges, and forced to lay

out and expend other large sums of money, for defending the said suit.    The issue was joined on the plea of *non assumpsit*.

At the trial of the cause, the plaintiff having proved the contract of indemnity, offered to read in evidence to the jury the short copy of a judgment, in the name of the State of *Maryland*, for the use of *Lewis E. Turner*, against the plaintiff's testatrix, as administratrix of *Henry Turner*, rendered in *St. Mary's* county court, the 16th March 1839, *on award*, for the sum of $609.70, with interest.

The defendant then offered to prove, that *Eleanor Turner*, the defendant in the judgment, died on the 19th of June 1838: for the purpose of showing, that the judgment was a nullity, having been rendered against a dead person.    The court refused to allow the defendant to give such evidence to the jury, but permitted the judgment to be read in evidence by the plaintiff.    To this refusal by the court, the defendant excepted, and this forms the subject of the *first* exception.

By the 11th section of the act of Assembly of 1785, ch. 80, it is provided, "that all causes, referred by consent of parties and rule of court, shall be continued until an award is returned, and if the death of either of the parties happen before an award is returned, and judgment thereon, such cause shall not abate by the death; and upon reasonable notice to the persons succeeding to the interest of, or representing the deceased in the matter or thing in contest, and not being a minor, the arbitrators shall proceed to a determination, and return their award; upon which, judgment may be entered by the court, and such judgment shall be good and sufficient in law, notwithstanding the death of either of the parties."

The judgment read in evidence by the plaintiff, was rendered upon an *award*, and it is seen that the power to enter a judgment of this character, is conferred upon the court, by the express terms of the 11th section of the act of 1785, ch. 80, *non obstante*, the death of either of the parties.

The validity of the judgment could not, therefore, be affected in any manner, by the death of *Mrs. Eleanor Turner*, and we think, the evidence offered by the defendant, to prove that fact, was properly rejected by the court, as irrelevant and immaterial.

The plaintiff having offered in evidence the contract of indemnity, and the judgment of the 16th of March 1839, already adverted to, proposed to prove, that the executor of *Eleanor Turner*, the plaintiff in the action, after her death, paid the amount of the judgment recovered against her, to *Lewis E. Turner*, the plaintiff in the judgment.

The defendant objected to this evidence; but the court suffered it to go to the jury. And the question presented in the *second* exception, is, whether this testimony was admissible under the pleadings in the cause?

We are of opinion that it was not. It is a settled principle, governing in the production of evidence, that it must correspond with the allegations of the declaration, and be confined to the point in issue. A late writer, on the law of evidence, says:

"The pleadings at common law, are composed of the written allegations of the parties, terminating in a single proposition, distinctly affirmed on one side, and denied on the other, called the issue. If it is a proposition of fact, it must be tried by the jury upon the evidence adduced. And it is an established rule, which we state as the first rule, that the evidence offered must correspond with the allegations, and be confined to the point in issue." *Gr. E.*, 58.

In the case of *Clarke against the State, use Darnall*, 8 G. & J., 125, the Court of Appeals say: "The rejoinder had placed the issue entirely on the collection and receipt, by *Richard Hall*, of the money claimed as guardian, for his ward; and all the aforegoing evidence intended to establish the fact, of his having discharged himself of liability, by the payment of the sum proved to be in his hands, to a successor, legally qualified to act, was foreign to the issue, and was, therefore, inadmissible proof." The same proposition is announced by the court, in the case of the *Pennsylvania, Delaware and Maryland Steam Navigation Company, against Dandridge*, 8 G. & J., 313.

Testing, then, the question of the admissibility of the evidence, by this familiar rule, the only enquiry that can arise, is, whether there is to be found in the declaration in this case, any

averment, that the judgment rendered against *Eleanor Turner*, was paid by the executor?

An examination of the declaration will show, that there is no such allegation. The only averment connected with the loss to which *Mrs. Turner* had been subjected, in consequence of the suit depending between her and *Lewis E. Turner*, and against which she was to be protected by the contract of indemnity, "were charges to which she had been put, and money which she had been forced to pay," *in her lifetime;* and that there is, between an allegation of this kind and proof of the payment of the judgment, after her death, by her executor, a fatal *variance,* is a proposition too clear for dispute.

We think, therefore, that the opinion of the court below, as expressed in this exception, is erroneous, and must be reversed. But as the evidence would be admissible in a different form of pleading, we shall order a *procedendo.*

JUDGMENT REVERSED AND PROCEDENDO AWARDED.